Matthew P. Minser (SBN 296344)
SALTZMAN & JOHNSON LAW CORPORATION
1141 Harbor Bay Parkway, Suite 100
Alameda, California 94502
Telephone: (510) 906-4710
Email: mminser@sjlawcorp.com

Attorneys for Plaintiffs, Operating Engineers' Health
And Welfare Trust Fund for Northern California, et al.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OPERATING ENGINEERS' HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA; DAN REDING and JAMES E. MURRAY, Trustees;<br><br>PENSION TRUST FUND FOR OPERATING ENGINEERS; DAN REDING and JAMES E. MURRAY, Trustees;<br><br>PENSIONED OPERATING ENGINEERS' HEALTH AND WELFARE TRUST FUND; DAN REDING and JAMES E. MURRAY, Trustees;<br><br>OPERATING ENGINEERS AND PARTICIPATING EMPLOYERS PRE-APPRENTICE, APPRENTICE AND JOURNEYMEN AFFIRMATIVE ACTION TRAINING FUND; DAN REDING and JAMES E. MURRAY, Trustees;<br><br>OPERATING ENGINEERS LOCAL UNION NO. 3 VACATION, HOLIDAY AND SICK PAY TRUST FUND; DAN REDING and JAMES E. MURRAY; and<br><br>OPERATING ENGINEERS LOCAL 3 HEAVY AND HIGHWAY TRUST FUND,<br><br>        Plaintiffs,<br><br>   v.<br><br>PRECISION DRILLING, INC., a California Corporation, | Case No.<br><br>**COMPLAINT** |

1

1  Defendant. _____

2                                    Parties

3        1.     The Operating Engineers' Health and Welfare Trust Fund for Northern California

4  ("Health Fund"); Pension Trust Fund for Operating Engineers (which includes the Pension Plan for the

5  Pension Trust Fund for Operating Engineers, and the Operating Engineers Annuity Plan) ("Pension

6  Fund"); Pensioned Operating Engineers' Health and Welfare Trust Fund ("Pensioned Health Fund");

7  Operating Engineers and Participating Employers Pre-apprentice, Apprentice and Journeymen

8  Affirmative Action Training Fund ("Affirmative Action Training Fund"); and the Operating Engineers

9  Local Union No. 3 Vacation, Holiday and Sick Pay Trust Fund ("Vacation Fund") are employee benefit

10  plans as defined in the Employee Retirement Income Security Act of 1974 ("ERISA") § 3(3), 29 U.S.C.

11  § 1002(3), and are multi-employer plans as defined by ERISA § 3(37)(A), 29 U.S.C. § 1002(37)(A).

12  Dan Reding and James E. Murray are Co-Chairmen of the Joint Boards of Trustees of the Health Fund,

13  Pension Fund, Pensioned Health Fund, Affirmative Action Training Fund, and Vacation Fund, and have

14  authority to act on behalf of all Trustees of those Funds. The Funds and their fiduciaries are together

15  referred to herein as "ERISA Plaintiffs" or "Plaintiffs."

16        2.     The Operating Engineers Local 3 Heavy and Highway Committee is a Trust established

17  under the Labor Management Relations Act ("LMRA"), 302(c)(9), 29 U.S.C. § 186(c)(9).

18        3.     Precision Drilling, Inc., a California Corporation, is an employer by virtue of ERISA §

19  3(5), 29 U.S.C. § 1002(5), and NLRA § 2(2), 29 U.S.C. § 152(2).

20                                  Jurisdiction

21        4.     Jurisdiction exists in this Court over the claims asserted by ERISA Plaintiffs by virtue of

22  ERISA § 502, 29 U.S.C. § 1132, in that Plaintiffs seek to enforce the provisions of ERISA and the terms

23  of their plans, seek to enjoin the acts and practices which violate ERISA, seek equitable relief to redress

24  such violations, and seek all other appropriate relief under ERISA.

25        5.     Jurisdiction exists in this Court over all the claims by virtue of LMRA § 301, 29 U.S.C. §

26  185, in that Plaintiffs seek to enforce the terms and conditions of a valid Collective Bargaining

27  Agreement.

28        //

                                          2

6.     To the extent jurisdiction over any claim does not exist under ERISA or the LMRA, supplemental jurisdiction exists in this Court over such claims by virtue of 29 U.S.C. § 1367 in that they arise out of a common nucleus of operative facts that form the basis of the federal claims asserted herein, each of which has a substantial ground in federal jurisdiction.

Venue

7.     Venue is conferred upon this Court by ERISA § 502, 29 U.S.C. § 1132. Where an action is brought under ERISA § 502 in a district court of the United States, it may be brought at Plaintiffs' discretion, in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found. ERISA Plaintiffs' Trust Funds are administered in this district at their principal place of business in Alameda, California. Thus, jurisdiction and venue are properly grounded with this Court.

8.     Venue exists in this Court with respect to the claims under LMRA § 301(a), 29 U.S.C. § 185, as this Court has jurisdiction over the parties, as the Operating Engineers Local Union No. 3 of the International Union of Operating Engineers, AFL-CIO ("Union") maintains its principal place of business in this district, its duly authorized officers or agents are engaged in representing employee members in this district, and the claims arise in this district.

Intradistrict Assignment

9.     The basis for assignment of this action to this Court's Oakland Division is that all the events and omissions giving rise to Plaintiffs' claims occurred in the County of Alameda, where ERISA Plaintiffs' Funds and the Bargained Entities are administered, and where Defendant therefore failed to fulfill their statutory and contractual obligations to Plaintiffs.

Bargaining Agreement

10.     Defendant entered into a Memorandum Project Agreement ("MPA") with the Union, which incorporates the current Master Agreement for Northern California ("Master Agreement") between the Union and the Signatory Associations. The MPA and Master Agreement are collectively referred to hereinafter as the "Bargaining Agreements." The Bargaining Agreements, which incorporate the terms of the Trust Agreements establishing the Trust Fund ("Trust Agreements") require Defendant

3

1   to provide employer contributions to Plaintiffs' Funds, to the Union for union dues, and to the Bargained

2   Entities more fully described in the Bargaining Agreements. ERISA Plaintiffs are third-party

3   beneficiaries of the Bargaining Agreements.

4         11.    Under the terms of the Bargaining Agreements, and Trust Agreements incorporated

5   therein, Defendant is required to pay certain contributions to the Operating Engineers' Vacation,

6   Holiday & Sick Pay Trust Fund, Contract Administration Fund; Job Placement Center and Market Area

7   Committee Administration Market Preservation Fund; Construction Industry Force Account Operating

8   Engineers Industry Stabilization Trust Fund; Heavy & Highway Trust Fund, and Business Development

9   Trust Fund (including the California Alliance for Jobs (together referred to herein as "Bargained

10   Entities") and dues to the Union.  Plaintiffs' Boards of Trustees have been authorized to collect and

11   distribute monies due to the Bargained Entities as well as dues due to the Union under the Bargaining

12   Agreements and Trust Agreements.

13         12.    Under the Bargaining Agreements and Trust Agreements, which are incorporated into the

14   Bargaining Agreements and made binding on Defendant, Defendant is required to regularly pay to

15   ERISA Plaintiffs, the Bargained Entities, and the Union, certain sums of money, the amounts of which

16   are determined by the hours worked by Defendant's employees.  Contributions are due on the fifteenth

17   (15th) day of the month following the month in which hours were worked and are considered delinquent

18   if not received by the twenty-fifth (25th) day of that month. Defendant is also required, pursuant to the

19   Bargaining and Trust Agreements, to pay liquidated damages in the amount of ten percent (10%) for

20   each delinquent contribution, but in the amount of twenty percent (20%) for each delinquent

21   contribution which is the subject of litigation. Moreover, the Bargaining and Trust Agreements provide

22   that interest accrues on delinquent contributions at the rates reasonably set by the Trustees from the date

23   they become delinquent, which is the twenty-sixth (26th) day of the month in which payment was due,

24   until paid in full.

25         13.    The Bargaining and Trust Agreements further require Defendant to maintain time records

26   or timecards, and to permit an authorized Trust Fund representative to examine such records of

27   Defendant as is necessary to determine whether Defendant has made full payment of all sums owed to

28   ERISA Plaintiffs. Should an audit of Defendant's records reveal Defendant has failed to provide full and

prompt payment of all sums due to Plaintiffs, Defendant must reimburse Plaintiffs for the amounts due, including audit fees, in addition to any other obligations pursuant to the Bargaining and Trust Agreements.

Factual Allegations

14.     Defendant has failed and refused to comply with an audit of its payroll records for the period from January 1, 2014 through December 31, 2017. Liquidated damages and interest have been incurred and are owed to Plaintiffs on any unpaid contributions for that period.

15.      Defendant has also failed and refused to report and pay contributions for hours worked by its employees during the months of January 2018 through May 2018, August 2018 through November 2018, February 2019, and December 2019 through August 2021. Liquidated damages and interest are due on all delinquent contributions. Defendant also owes liquidated damages and interest on late-paid contributions for the month of September 2019.

16.     Plaintiffs are also entitled to recover any and all other contributions, and all liquidated damages and interest on delinquent contributions not specified above, found due on timecards, audit, or otherwise, including estimated contributions for any months Defendant failed to report to Plaintiffs, through the time of Judgment. Plaintiffs reserve the right to conduct a further audit to determine whether there are any additional amounts due from Defendant.

**FIRST CAUSE OF ACTION**
**For Audit Compliance, Delinquent Contributions, Interest, Liquidated Damages,**
**Attorneys' Fees and Costs Against Defendant**

17.     Plaintiffs re-allege and incorporate by reference paragraphs 1 through 16, above.

18.     Defendant has a contractual duty to timely pay the required contributions to Plaintiffs and the Bargained Entities, and to timely pay dues to the Union, pursuant to the Bargaining Agreements and Trust Agreements. Defendant also has a contractual duty under the Bargaining Agreements and Trust Agreements to permit an audit of their records to determine whether they are making full and prompt payment of all sums required to be paid by them to Plaintiffs, and to pay Plaintiffs all amounts found due as a result of an audit, including audit fees.

19.     In addition, Defendant has a statutory duty to timely make the required payments to Plaintiffs under ERISA § 515, 29 U.S.C. § 1145, and LMRA § 301(a).

5

20. By failing to permit the audit of all its records and make the required payments to Plaintiffs, Defendant breached the Bargaining and Trust Agreements and is in violation of ERISA § 515, 29 U.S.C. § 1145, and LMRA § 301(a).

21. Defendant's failure and refusal to permit the audit and pay the required contributions was at all times, and still is, willful. Defendant continues to breach the Bargaining Agreements, and incorporated Trust Agreements, by failing to permit the audit and pay all amounts owed as alleged. Said refusal is unjustified and done with knowledge and intent.

22. ERISA Plaintiffs are without an adequate remedy at law and will suffer continuing and irreparable injury, loss, and damage unless Defendant is ordered specifically to perform all obligations required on Defendant's part to be performed under ERISA, 29 U.S.C. §§ 1101-1381, the LMRA, 29 U.S.C. §§ 141-197, and the Bargaining and Trust Agreements, and are restrained from continuing to refuse to perform as required thereunder.

23. This Court is authorized to issue injunctive relief based on the traditional standard. As set forth above, ERISA Plaintiffs have a strong likelihood of success on the merits. There is the possibility that ERISA Plaintiffs' Trust Funds and their participants will suffer irreparable injuries. The balance of hardships and advancement of public interest favor ERISA Plaintiffs.

24. This Complaint does not in any manner relate to statutory withdrawal liability that may or may not be assessed against Defendant. ERISA Plaintiffs expressly reserve the right to pursue any such withdrawal liability claims against Defendant as provided by ERISA Plaintiffs' Plan Documents, Trust Agreements, and the law.

<u>Prayer</u>

WHEREFORE, Plaintiffs pray as follows:

1. For an order,

(a) requiring that Defendant complies with its obligations to Plaintiffs under the terms of the Bargaining Agreements and Trust Agreements, including permitting an audit of its records as requested by Plaintiffs;

(b) enjoining Defendant from violating the terms of those documents and of ERISA; and

6

(c)     enjoining Defendant from disposing of any assets until said terms have been complied with, and from continuation or operating of Defendant's business until said terms have been complied with.

2.     For a judgment against Defendant as follows:

(a)     Any unpaid contributions, due at time of Judgment, including those specified above as well as any other contributions determined as due by audit, timecards, or otherwise, including estimated contributions for any months Defendant fails to report to Plaintiffs, pursuant to ERISA § 502(g)(2)(A), 29 U.S.C. § 1132(g)(2)(A);

i.     To ERISA Plaintiffs and the Bargained Entities, in accordance with ERISA § 502(g)(2)(A), 29 U.S.C. § 1132(g)(2)(A) and the Bargaining Agreements;

ii.     To the Union in accordance with the Bargaining Agreements.

(b)     Liquidated damages on all late-paid and unpaid contributions in an amount provided for under the Bargaining and Trust Agreements, and with respect to ERISA Plaintiffs, ERISA § 502(g)(2)(c), 29 U.S.C. § 1132(g)(2)(c).

(c)     Interest on all late-paid and unpaid contributions at the rates set in accordance with the Bargaining Agreements, the Trust Agreements, and ERISA § 502(g)(2)(B), 29 U.S.C. § 1132(g)(2)(B).

3.     Plaintiffs' reasonable attorneys' fees and costs of this action, including any audit fees, in accordance with ERISA § 502(g)(2)(D) and (E), 29 U.S.C. § 1132(g)(2)(D) and (E); and in accordance with the Bargaining Agreements for all Bargained Entities; and with LMRA § 301, 29 U.S.C. § 185, for all Plaintiffs.

4.     That the Court retain jurisdiction of this case pending compliance with its orders.

5.     For such other and further relief as the Court may deem just and proper.

DATED: October 7, 2021                    SALTZMAN & JOHNSON LAW CORPORATION

By:     _____
                              /S/
Matthew P. Minser
Attorneys for Operating Engineers' Health And
Welfare Trust Fund for Northern California, et al.

**COMPLAINT**
**Case No.**