UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OPERATING ENGINEERS HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>PRECISION DRILLING, INC.,<br><br>Defendant. | Case No. 21-cv-07893-EMC<br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO STRIKE ANSWER**<br><br>Docket No. 62 |

Currently pending before the Court is Plaintiffs' motion to strike Defendant's answer. As the Court held at the hearing on Plaintiffs' motion on October 29, 2024, the motion is **GRANTED**.

The procedural history of this case provides important context for the Court's ruling. In or about May 2018, several years before this suit was filed, Plaintiffs first informed Defendant via letter of their desire to conduct an audit covering the period January 2014 through December 2017. *See* Docket No. 51-6 (Quackenbush Decl. ¶¶ 3-4). From October to December 2018, Plaintiffs continued to contact Defendant about an audit, but Defendant did not respond until December 10, 2018. *See* Docket No. 51-6 (Quackenbush Decl. ¶¶ 5-9). Although Defendant indicated at that time that it would comply with the audit, it did not thereafter comply, even after Plaintiffs made several follow-ups in January and February 2019. *See* Docket No. 51-6 (Quackenbush Decl. ¶¶ 10-12).

Subsequently, in or about August 2020, Plaintiffs referred the matter to legal counsel. *See* Docket No. 51-1 (Minser Decl. ¶ 4). In that same month, and later in February 2021, legal counsel reiterated the demand for an audit. *See* Docket No. 51-1 (Minser Decl. ¶¶ 11-12). In October

2021, after being informed that Defendant still had not complied with the audit request, legal counsel filed the instant suit on behalf of Plaintiffs. *See* Docket No. 51-1 (Minser Decl. ¶ 13); *see also* Docket No. 1 (complaint). The complaint was served on Defendant in March 2022. *See* Docket No. 18 (proof of service). After Defendant failed to respond, the Clerk of the Court entered its default in May 2022. *See* Docket No. 22 (notice).

In December 2023, Plaintiffs learned that Defendant was involved in a different legal proceeding in which it had legal representation. Plaintiffs communicated with counsel for Defendant, and Defendant indicated through counsel that there would be compliance with the audit sought by Plaintiffs. However, after January 2024, counsel no longer responded to Plaintiffs' follow-up communications. *See* Docket No. 51-1 (Minser Decl. ¶¶ 18-30). Plaintiffs thus filed a motion for default judgment in April 2024. *See* Docket No. 51 (motion).

Defendant did not file an opposition to the motion for default judgment. Instead, after the due date for its opposition brief, Defendant filed an answer on May 10, 2024. *See* Docket No. 58 (answer). At that time, Defendant did not move to set aside its default. Nor has Defendant since filed a motion to set aside the default.

Notwithstanding such, the Court issued an order, instructing the parties to meet and confer to see if they could reach agreement on how the case should proceed in light of the appearance and answer by Defendant. The Court noted that it was reluctant to enter a default judgment. *See* Docket No. 61 (order).

Plaintiffs thereafter filed a status report, noting, *inter alia*, that Defendant had not participated in the meet and confer. *See* Docket No. 63 (status report). At that same time, Plaintiffs filed the currently pending motion to strike Defendant's answer. *See* Docket No. 62 (motion).

The Court filed another order, instructing the parties again to meet and confer as they had failed to do so in good faith. *See* Docket No. 64 (Order at 1) (stating that "Plaintiffs have agreed to the setting aside of a default but conditioned on payment of attorneys' fees and costs, with no clear tailoring to the default specifically," while "Defendant has not engaged in the meet-and-confer process at all, not even complying with the Court's order requiring a joint status"). The

1 Court also temporarily vacated Plaintiffs' motion for default judgment but left their motion for

2 strike on calendar.

3 The parties thereafter met and conferred and then filed a joint status report. Plaintiffs were

4 willing to set aside the default but conditioned on payment of attorneys' fees in the amount of

5 $18,278.09.[1] *See* Docket No. 65 (Status Rpt. at 2) (stating that these fees were incurred from the

6 day after the entry of default through the day that PDI filed its answer). Defendant stated it was

7 willing to pay only $1,000 (apparently, due to financial problems). Plaintiffs counter-offered with

8 $17,278.09 (*i.e.*, reducing the fees sought by $1,000 only).

9 After reviewing the status report, the Court issued an order, indicating its doubt that the

10 parties had engaged in an adequate meet and confer. However, it stated that it would proceed with

11 Plaintiffs' motion to strike. About a week later, on June 18, 2024, Defendant filed an opposition

12 to the motion to strike. The opposition was six days late (*i.e.*, the brief had been due back on June

13 12, 2024).

14 The Court held a hearing on the motion to strike on July 18, 2024. As reflected in the

15 minutes, the Court gave

> Defendant an opportunity to comply with the audit. If Defendant cooperates and complies with the audit, then the Court shall deny the motion to strike the answer and set aside Defendant's default. Plaintiff will still have the right to seek fees that would not have been incurred but for the default.
>
> If Defendant does not cooperate and comply with the audit, then the Court shall grant the motion to strike the answer and deny the motion to set aside the default, and will then move forward with Plaintiff's motion for default judgment (which was temporarily vacated after Defendant made an appearance).

Docket No. 78 (minutes).

About two months later, the parties reconvened in front of the Court for a continued

hearing on the motion to strike. As reflected in the minutes,

> [t]he Court ordered Plaintiffs to provide a list of what documents they seek for each project (*i.e.*, so that they can conduct a reasonable

---

[1] In the pending motion to strike, Plaintiffs ask for $25,784.27 in fees. *See* Mot. at 6. However, this was before the Court issued its order noting that Plaintiffs did not appear to have tailored the fee request to Defendant's default specifically.

> audit as to whether there are any unpaid contributions). To avoid the possibility of future disputes, the kind of documents should be described with some specificity (*e.g.*, similar to a request for production of documents), including but not limited to by timeframe. Plaintiffs shall serve a copy of that list on Defendant, *and* file a copy of the same with the Court, by 9/25/2024.
>
> By 10/16/2024, Defendant shall serve and file a declaration, submitted under **penalty of perjury**, in response. For **each** kind of document identified, Defendant shall produce responsive documents by 10/16/2024. As to **each** kind of document that Defendant does not produce responsive documents, either in whole **or** in part, Defendant shall state why it has not produced documents, where the documents might be found, and what efforts were made to get the documents (including from third parties). Defendant must provide a comprehensive statement as to each kind of document.

Docket No. 88 (minutes) (emphasis in original). The Court continued the hearing to October 29, 2024.

Plaintiffs filed their document requests as ordered by the Court. *See* Docket No. 86 (document requests). However, Defendant failed to file a declaration in response as required by the Court. Nor did Defendant work with Plaintiffs to file a joint status report in advance of the hearing, as ordered by the Court, which thus led Plaintiffs to file their own status report. *See* Docket No. 91 (status report). It was not until the day before the hearing (*i.e.*, October 28, 2024), that Defendant filed a declaration. *See* Docket No. 92 (Amundson Decl.). The declaration failed to provide all of the information required by the Court's order. Furthermore, Defendant still failed to produce any responsive documents.

Taking into account all of the above, the Court finds that Defendant has been given multiple opportunities to comply with an audit but has failed to produce any responsive documents, even after the Court ordered such. Defendant has also repeatedly missed deadlines and even failed to file a motion to set aside its default. Accordingly, the Court grants Plaintiff's motion to strike the answer. *Cf. United States v. Mesle*, 615 F.3d 1085, 1092 (9th Cir. 2010) (noting that one factor to consider in deciding whether to set aside a default is whether the defendant's culpable conduct led to the default; culpable conduct means that "the movant must have acted with bad faith, such as an 'intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process'").

Because the Court is now striking Defendant's answer, Plaintiff may file a renewed motion

for default judgment.  The Court does not bar Defendant from filing an opposition to the motion.

This order disposes of Docket No. 62.

**IT IS SO ORDERED**.

Dated: October 31, 2024

_____
EDWARD M. CHEN
United States District Judge